UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON MARKS,

        Petitioner,

v.                                      CASE NO. 2:06-CV-14046
                                      HONORABLE VICTORIA A. ROBERTS

HUGH WOLFENBARGER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner Leon Marks has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was charged in Wayne County, Michigan with four counts of second degree murder and one count of felonious driving. The charges arose from an incident on March 3, 2003, when a large sports utility vehicle (a GMC Yukon) ran a red light in Detroit and struck another vehicle. Four people died as a result of the collision, and a fifth person was seriously injured in the crash.

Petitioner made a pretrial statement to a police officer while he was hospitalized for injuries sustained in the crash. He admitted in the statement that he was driving his Yukon before the crash. He also admitted that he was going fast at the time, and that he saw the red light about one-half block away.

Petitioner subsequently moved to suppress his statement on the ground that he was in custody when he made it, but was not advised of his constitutional rights before being questioned by the police officer. The trial court granted his motion, and the Michigan Court of Appeals

denied the State's application for leave to appeal the trial court's decision. *See People v. Marks*, No. 256029 (Mich. Ct. App. July 2, 2004). The State then appealed to the Michigan Supreme Court, which remanded the case to the court of appeals "for consideration as on leave granted." *People v. Marks*, No. 126482 (Mich. Sup. Ct. Sept. 16, 2004).[1] On remand, the court of appeals reversed the trial court's decision after concluding that the trial court erred in suppressing Petitioner's statement. *See People v. Marks*, No. 257916 (Mich. Ct. App. Mar. 15, 2005). Petitioner then applied for leave to appeal, but the Michigan Supreme Court denied his application. *See People v. Marks*, No. 128334 (Mich. Sup. Ct. Sept. 28, 2005).[2]

On November 14, 2005, Petitioner pleaded guilty in Wayne County Circuit Court to one count of second-degree murder, Mich. Comp. Laws § 750.317. In return, the prosecutor dismissed the other counts and a habitual offender notice. The parties also agreed to a sentence of fifteen to thirty years. On December 2, 2005, the trial court sentenced Petitioner, as agreed, to imprisonment for fifteen to thirty years.

Petitioner filed his habeas corpus petition on September 14, 2006. His sole claim reads:

The trial court did not abuse its discretion when it granted Petitioner's motion to suppress Petitioner's statement where the testimony indicated that Miranda warnings were not administered despite the fact that two armed officers were guarding Petitioner's hospital room and he was not free to leave.

Respondent argues in an answer to the habeas petition that Petitioner waived habeas review of his claim by pleading guilty. The Court agrees.

---

[1] Justices Michael F. Cavanagh and Marilyn Kelly voted to deny leave to appeal.

[2] Justice Cavanagh voted to grant leave to appeal.

2

## II. Discussion

The Supreme Court has stated that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 770 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court reiterated this principle, in *United States v. Broce*, 488 U.S. 563, 569 (1989), where it stated:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction and impose the sentence.

Simply stated, "[a] voluntary and unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

Petitioner pleaded guilty after unsuccessfully raising his *Miranda*[3] argument in the Michigan Supreme Court. He was represented by counsel at his plea, and he has not contested the trial court's jurisdiction or the voluntariness of his plea. Therefore, Petitioner's guilty plea forecloses habeas review of his *Miranda* argument, *Sutton v. Blackwell*, 327 Fed. Supp.2d 477, 486-87 (D. N.J. 2004), and the application for a writ of habeas corpus is DISMISSED with prejudice. The Court declines to issue a certificate of appealability, because reasonable jurists would not debate whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

s/Victoria A. Roberts
                                               Victoria A. Roberts
                                               United States District Judge

Dated: May 30, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 30, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk